Chief Justice Robertson
delivered the opinion of the Court.
This is a suit in chancery, instituted to enjoin the enforcement of a sale bond, given for properly sold under a fieri facias, at the instance, and in pursuance of the order of the creditor in the execution, but which property was not liable to the sale, because it did not belong to the defendant in the execution.
When, by the interference or express order of the creditor, property is sold by execution to satisfy his debt, he is responsible to the “óona fide'1'1 purchaser, if it shall turn out, that the property belonged to a stranger.
And if, in such a case, the amount for which the property sold, had not been paid over, it might be enjoined. The creditor has sold or caused to be sold for his own benefit, property which was not subject to sale, and which the purchaser can never enjoy.
These doctrines do not, in our opinion, conflict with any principle recognized in the case of McGec vs. Ellis and Browning, IV. Littell’s reports, 244.) But if they do, they are in unison with the dictates of justice, and with the reason and analogies, and best authorities, of the law. Whether the creditor should be responsible, when he had no agency in the sale, is not now to be.decided.
When the purchaser shall be relieved, the creditor will not be remediless. He may get clear of the effect of the return on the execution, by motion to quash or amend the return, or otherwise, by scire facias.
In this case, it has been shewn, that the property sold was not subject to the sale, and that it was sold by the direction of the creditor. There is no proof of any fraud, or other improper conduct, on the part of the purchaser. He was therefore entitled to a perpetuation of his injunction. But he failed to shew that he was entitled to any decree, as to the amount which he had paid to Stockton. It does not appear, that Stockton had any authority to receive it, or ever- *710 paia it to the creditor. For this sum, Stockton alone is responsible.
Denny, for plaintiffs; Monroe, for defendant.
the circuit court dissolved the injunction, and dismissed the bill, its decree is reversed, and the cause remanded for a decree conformable to this opinion.